

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4 № 07 CR 00184 ERW** |
| | ) | |
| ANTHONY STILES, | ) | Counts I, II, VII, VIII |
| a/k/a "Dom P," | ) | |
| ERIC EARNEST, | ) | Counts I, II, IV, VIII |
| a/k/a "Spook," | ) | |
| NIKITA SMITH, | ) | Counts I, II, VIII |
| JAMES WHITE, | ) | Counts I, VIII |
| MARIO SALAZAR, | ) | Counts I, VI, VIII |
| SPENCER MITCHELL, | ) | Counts I, V, VIII |
| a/k/a "Spence," | ) | |
| ROYCE DAVENPORT, | ) | Counts I, II, VIII |
| a/k/a "Showboat," | ) | |
| PIERRE STARKS, | ) | Counts I, VIII |
| a/k/a "Pep," | ) | |
| MAJUAN BATES, | ) | Counts I, VIII |
| a/k/a "Petey," | ) | |
| PRENTISS BRUCE, | ) | Counts I, VIII |
| a/k/a "Prenti," | ) | |
| GEORGE CLARK, | ) | Counts I, VIII |
| a/k/a "CoCo" and "G," | ) | |
| GREGORY GRIGGS, | ) | Counts I, VIII |
| a/k/a "Greg," | ) | |
| and "Death Row," | ) | |
| DEMARCUS MITCHELL, | ) | Counts I, VIII |
| a/k/a "Marco," | ) | |
| ISSACHARD LOPEZ, | ) | Counts II, VIII |
| a/k/a "Shorty," | ) | |
| CURTIS RICE, | ) | Counts II, VIII |
| a/k/a "Curt," "Ivory" | ) | |
| and "Iverson," | ) | |
| DEBRA MULLINS, | ) | Counts II, VIII |
| a/k/a "Terry" | ) | |
| and "Debra Rice," | ) | |
| KEVIN JONES, | ) | Counts II, VIII |
| a/k/a "Kevin Williams," | ) | |
| FELISHA WALLER, and | ) | Counts I, II, III, VIII |
| BRIAN COLLINS, | ) | Counts I, VIII |
| | ) | |
| Defendants. | ) | |

**INDICTMENT**

## COUNT I

A.   The Grand Jury charges that:

Beginning on or about December, 2005 and continuing to the date of this Indictment, in the City of St. Louis, Missouri, within the Eastern District of Missouri and elsewhere,

> ANTHONY STILES, a/k/a "Dom P,"
> ERIC EARNEST, a/k/a "Spook,"
> NIKITA SMITH,
> JAMES WHITE,
> MARIO SALAZAR,
> SPENCER MITCHELL, a/k/a "Spence,"
> ROYCE DAVENPORT, a/k/a "Showboat,"
> PIERRE STARKS, a/k/a "Pep,"
> MAJUAN BATES, a/k/a "Petey,"
> PRENTISS BRUCE, a/k/a "Prenti,"
> GEORGE CLARK, a/k/a "CoCo" and "G,"
> GREGORY GRIGGS, a/k/a "Greg" and "Death Row,"
> DEMARCUS MITCHELL, a/k/a "Marco,"
> FELISHA WALLER, and
> BRIAN COLLINS,

the defendants herein, and Luis Sais, Jr., a/k/a "Alex" and "Lucho," did knowingly and intentionally conspire, combine, confederate and agree with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B.   MANNER AND MEANS OF THE CONSPIRACY

1.   It was part of the drug-trafficking conspiracy that unindicted co-conspirator Luis L. Sais, Jr., operating out of the Republic of Mexico, was the source of supply for multi-kilogram quantities of cocaine and large quantities of marijuana.

2.   It was further part of the drug-trafficking conspiracy that unindicted co-conspirator Luis L. Sais, Jr., was the organizer and leader of a drug-trafficking organization, operating a large drug distribution network in a multi-state region which encompassed the Eastern District of Missouri.

3.   It was further part of the drug-trafficking conspiracy that unindicted co-conspirator Luis L. Sais, Jr., utilizing telephones to communicate with underlings, set up distribution hubs in various cities including St. Louis, Missouri.

4.   It was further part of the drug-trafficking conspiracy that defendant James White, would recruit distributors in hub distribution cities including St. Louis, Missouri.

5.   It was further part of the drug-trafficking conspiracy that defendant Mario Salazar operated a stash house in St. Louis, Missouri for the distribution of cocaine and marijuana and collection of drug proceeds.

6.   It was further part of the drug-trafficking conspiracy that defendants Anthony Stiles, Eric Earnest as well as another subject were the primary hub distributors in the St. Louis

Metropolitan area, distributing multi-kilogram quantities of cocaine and marijuana.

7.  It was further part of the drug-trafficking conspiracy that defendants Spencer Mitchell, Royce Davenport, Pierre Starks, Majuan Bates, Prentiss Bruce, George Clark, Gregory Griggs, Demarcus Mitchell, and Brian Collins were cocaine distributors in the St. Louis Metropolitan area.

8.  It was further part of the drug-trafficking conspiracy that defendant Nikita Smith served as a courier and facilitator for defendant Anthony Stiles' drug distribution network.

9.  It was further part of the drug-trafficking conspiracy that defendant Felisha Waller was a drug courier for the organization.

10. It was further part of the drug-trafficking conspiracy that the defendants utilized telephones to communicate arrange and direct the shipment of multi-kilogram quantities of cocaine and marijuana to cities, including St. Louis, Missouri, and to direct the distribution of cocaine and marijuana.

11. It was further part of the drug-trafficking conspiracy that the defendants utilized telephones to direct the collection of money derived from the sale of cocaine and marijuana and direct the shipment of millions of dollars in United States currency back down to Texas and across the border into Mexico.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1); and

The quantity of cocaine involved in the offense was in excess of five (5) kilograms, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

**COUNT II**

A.   The Grand Jury further charges that:

Beginning in approximately December, 2005, and continuing thereafter to the date of the indictment, with the exact dates unknown to this Grand Jury, in the Eastern District of Missouri and elsewhere,

>    ANTHONY STILES, a/k/a "Dom P,"
>    ERIC EARNEST, a/k/a "Spook,"
>    ISSACHARD LOPEZ, a/k/a "Shorty,"
>    NIKITA SMITH,
>    CURTIS RICE, a/k/a "Curt," "Ivory," and "Iverson,"
>    DEBRA MULLINS, a/k/a "Terry" and "Debra Rice,"
>    KEVIN JONES, a/k/a "Kevin Williams," and
>    FELISHA WALLER,

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: (a) to knowingly and willfully conduct financial transactions affecting interstate commerce, to wit: the transportation of United States currency from the Eastern District of Missouri across state lines to Texas and elsewhere; (b) and that these transactions in fact involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess

5

with intent to distribute cocaine and marijuana; (c) with the intent to promote the carrying on of the above referenced unlawful activity; and (d) that while conducting and attempting to conduct such financial transactions the defendants knew that the money involved in the financial transactions represented the proceeds of some unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

B.   MANNER AND MEANS OF THE CONSPIRACY

The defendants and co-conspirators accomplished and attempted to accomplish the object of this money laundering conspiracy in the following manner and through the following means:

1.   It was part of the said money laundering conspiracy that defendants Anthony Stiles, Nikita Smith, Eric Earnest and others would amass large quantities of United States currency derived from the distribution of cocaine and marijuana.

2.   It was part of the said money laundering conspiracy that defendants Anthony Stiles, Nikita Smith, Eric Earnest and others would deliver the money to be transported to Texas and/or Mexico at the direction of unindicted co-conspirator Luis Sais, Jr., for the payment of cocaine and marijuana.

3.   It was part of the said money laundering conspiracy that defendants Issachard Lopez, Curtis Rice, Debra Mullins, Kevin Jones, Felisha Waller and others would transport the large sums of United States currency for the organization.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h).

### COUNT III

The Grand Jury further charges that:

On or about March 6, 2006, in the City of St. Louis, Missouri, within the Eastern District of Missouri,

### FELISHA WALLER,

the defendant herein, did knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT IV

The Grand Jury further charges that:

On or about June 13, 2006, in St. Louis County, Missouri, within the Eastern District of Missouri,

### ERIC EARNEST, a/k/a "Spook,"

the defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1);

And the amount of cocaine involved in the offense was more than 5 kilograms making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii).

## COUNT V

The Grand Jury further charges that:

On or about June 13, 2006, in St. Louis County, Missouri, within the Eastern District of Missouri,

**SPENCER MITCHELL, a/k/a "Spence,"**

the defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1);

And the amount of cocaine involved in the offense was more than 5 kilograms making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii).

## COUNT VI

The Grand Jury further charges that:

On or about July 28, 2006, in St. Louis County, Missouri, within the Eastern District of Missouri,

**MARIO SALAZAR,**

the defendant herein, did knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT VII

The Grand Jury further charges that:

On or about August 12, 2006, in the City of St. Louis, Missouri, within the Eastern District of Missouri,

**ANTHONY STILES, a/k/a "Dom P,"**

the defendant herein, did knowingly and intentionally attempt to possess with the intent to distribute cocaine, a Schedule II narcotic controlled substance and took a substantial step in furtherance thereof.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846;

And the amount of cocaine involved in the offense was more than 5 kilograms making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii).

## COUNT VIII
(DRUG-TRAFFICKING FORFEITURE)

1.  The allegations of Count I of this Indictment is re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.  The property, real and personal of defendants ANTHONY STILES, a/k/a "Dom P," ERIC EARNEST, a/k/a "Spook," NIKITA SMITH, JAMES WHITE, MARIO SALAZAR, SPENCER MITCHELL, a/k/a "Spence," ROYCE DAVENPORT, a/k/a "Showboat," PIERRE STARKS, a/k/a "Pep," MAJUAN

9

BATES, a/k/a "Petey," PRENTISS BRUCE, a/k/a "Prenti," GEORGE CLARK, a/k/a "CoCo" and "G," GREGORY GRIGGS, a/k/a "Greg" and "Death Row," DEMARCUS MITCHELL, a/k/a "Marco," ISSACHARD LOPEZ, a/k/a "Shorty," CURTIS RICE, a/k/a "Curt," "Ivory," and "Iverson," DEBRA MULLINS, a/k/a "Terry" and "Debra Rice," KEVIN JONES, a/k/a "Kevin Williams," FELISHA WALLER and BRIAN COLLINS,

(a) constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the violation of law set out in Count I of this Indictment, and

(b) used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violations.

3. Specifically subject to forfeiture is approximately $2,000,000.00 in United States Currency in that such sum in the aggregate is property constituting, or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense alleged in Count I.

4. Other properties subject to forfeiture as set out at paragraph 2 and 3 above, include but are not limited to:

(a) $12,900.00 in United States currency from a vehicle occupied by defendant Felisha Waller seized on March 6, 2006;

(b) $662,365.00 in United States currency from a stash house in St. Louis, Missouri, seized on July 28, 2006;

(c) $76,801.00 in United States currency from a vehicle occupied by defendant Kevin Jones seized on August 1, 2006;

(d) $70,190.00 in United States currency from a stash house in St. Louis, Missouri, seized on August 14, 2006;

(e) $136,520.00 in United States currency from a vehicle occupied by defendant Felisha Waller seized on September 22, 2006;

(f) $1,000.00 in United States currency from a residence seized on September 1, 2006;

(g) a Ford Expedition, bearing VIN 1FMPU15595LA11061, seized on August 14, 2006;

(h) a Chevrolet Avalanche, bearing VIN 3GNEC13T32G176894, seized on August 14, 2006;

(i) an Infinity SUV, bearing VIN 5N3AA08C25N814132, seized on September 5, 2006;

(j) SUV wheels seized on September 5, 2006;

(k) a man's diamond ring seized on September 5, 2006;

(l) a woman's diamond necklace seized on September 5, 2006;

(m) a Mitsubishi Diamante, bearing VIN 6MMAP67P81T003322, seized on September 6, 2006.

5. If any of the property described in paragraphs 2, 3 and 4 above, as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction fo the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraphs 2, 3 and 4, above, or elsewhere, as being subject to forfeiture.

A TRUE BILL.

CATHERINE L. HANAWAY
United States Attorney


_____
DEAN R. HOAG, #6426
JAMES C. DELWORTH, #2961
Assistant United States Attorneys