# MS&M
## MOLINE, SHOSTAK & MEHAN, LLC
ATTORNEYS AT LAW

Burton H. Shostak
bshostak@msmattorneys.com

June 20, 2007

Mr. Dean R. Hoag
Mr. James C. Delworth
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

     Re:    United States of America vs. Eric Earnest, et al.

Dear Gentlemen:

     Pursuant to the United States Constitution, the laws of the United States, Rules 12 and 16 of the rule of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines, as well as the controlling case law, Defendant, Eric Earnest, hereby requests the Government[1] to produce the following items, to the extent they may exist, for his inspection, copying, and use in connection with the preparation, and/or trial, and/or sentencing in the above referenced case:

     A.    Any relevant written or recorded[2] statements[3] made or adopted by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. You shall also disclose the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by an person then known by the Defendant to be a Government agent if the Government intends to use the statement at trial. *See* Fed. R. Crim. Proc. 16(a)(1)(A)[4] and (B).

---

[1] The term "Government" as used throughout this Request includes all branches of the Federal and State Government, all levels of the Federal and State Government and all agencies within each branch and level of Federal and State Government.
[2] The term "recorded" as used throughout this Request includes both audio and visual recordings.
[3] The term "statements" as used throughout this Request includes any form of assertive conduct and is, therefore, not limited to verbal statements.
[4] This Request is also intended to cover the substance of Defendant's response to *Miranda* warnings if such warnings were given. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

MOLINE, SHOSTAK & MEHAN, LLC
ATTORNEYS AT LAW
_____

June 20, 2007
Page 2 of 5

  B. A copy of the Defendant's prior criminal record, if any, as in within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* Fed. R. Crim. Proc. 16(a)(1)(D).

  C. Books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to Defendant's preparation of his defense, or are intended for use by the Government as evidence at trial, or were obtained from or belong to the Defendant. *See* Fed. R. Crim. Proc. 16(a)(1)(E).

  D. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government, and which are material to Defendant's defense or are intended for use by the Government as evidence at trial. *See* Fed. R. Crim. Proc. 16(a)(1)(F). **You are also hereby specifically requested to preserve for testing by the Defendant any and all substances capable of being tested by scientific means whether or not such substances were tested by the Government.**

  E. A complete written summary of testimony to be presented under Rules 702, 703, or 705 of the Federal Rules of Evidence by any Government witness during its case in chief at trial describing the witness' opinions, the bases and the reasons therefore, and the witnesses' qualifications. *See* Fed. R. Crim. Proc. 16(a)(1)(G).

  F. All evidence favorable to the Defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a Government witness who will testify at trial. *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). This request includes, but is by no means limited to:

  1. The existence of any witness known to the Government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.

  2. Any statements made or adopted by any individual (including co-defendants)(whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government, which exculpate or do not mention the Defendant.

**MOLINE, SHOSTAK & MEHAN, LLC**
ATTORNEYS AT LAW

June 20, 2007
Page 3 of 5

       3.    Any and all evidence showing any bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the Government intends to call to testify at trial in the above referenced case.

       4.    The results of any polygraph tests given to the Defendant or witness the Government intends to call to testify at trial in the above referenced case.

       5.    Any promises, rewards and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the Government intends to call to testify at trial in the above referenced case.

       6.    Presentence investigation reports, if any, relating to any witness the Government intends to call to testify at trial in the above referenced case.

       7.    Any and all evidence about which the Government is now aware, or about which the Government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the Defendant now stands accused. This includes all evidence which the Government believes indicates that another individual committed the offense(s) in connection with the Defendant.

       8.    Names and addresses of eyewitnesses to the offense(s) for which the Defendant now stands accused whose identify is now known, or by the exercise of due diligence may become known to the Government.

       9.    Information regarding any indecisive, incomplete or hesitant identification of the Defendant by any witness to the offense(s) for which the Defendant now stands accused (regardless of whether the Government intends to call that witness to testify at trial).

       10.    Any all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the Government anticipates it will present at trial or sentencing in the above referenced case.

       11.    Any and all differences between information provided to the Government by a cooperating witness and information provided to the Government from that witness's attorney. *See Spicer v. Roxbury Correctional Institute*, 194 F.3d 547 (4th Cir. 1999).

       G.    Copies of any statements made or adopted by any alleged co-conspirator, co-defendant agent of the Defendant regardless of whether the Government intends to introduce these statements at trial. *See United States v. Turoff*, 701 F. Supp. 981 (E.D.N.Y. 1988).

MOLINE, SHOSTAK & MEHAN, LLC
ATTORNEYS AT LAW
_____

June 20, 2007
Page 4 of 5

      H.     The identity of any informant connected to the above reference case who was a witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 52 (1957). The Defendant also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

      I.     Any statements made or adopted by witnesses which the Government intends to call to testify at any hearing (including a sentencing hearing) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* 18 U.S.C. Sec. 3500; Fed. R. Crim. Proc. 26.2. **This includes any statements made by a Government witness while he or she was incarcerated in the course of telephone conversations with Government agents or others that were tape recorded by the institution in which the witness was incarcerated. *See United States v. Ramirez*, 174 F.3d 584 (5th Cir. 1999).** Furthermore, we request that any rough notes made or taken by any law enforcement officer be saved and that any notes from here on out be saved. Please advise immediately if you refuse to do this so that the requisite motion may be filed.

      J.     The general nature of any and all evidence that Government intends to introduce at trial pursuant to Fed. R. Evid. 404 (b). *See* Fed. R. Evid. 404(b). The Defendant further requests a statement of the Government's theory of admissibility with respect to all such evidence.

      K.     Facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines. *See* U.S.S.G./ 6B1.2, Commentary.

Please note that the Defendant specifically requests <u>all</u> items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law. If those sources require production of items not specifically requested herein, a request for those items is now specifically made. Furthermore, this request is a continuing request; if the Government discovers additional evidence or material responsive to any of the above Requests subsequent to the Government's initial production, the Government shall promptly and without delay provide the Defendant with the additional evidence or material. *See* Fed. R. Crim. Proc. 16(c).

MOLINE, SHOSTAK & MEHAN, LLC
ATTORNEYS AT LAW

June 20, 2007
Page 5 of 5

      I realize that this list is extensive and I am sure that those items that are most important will be provided as soon as possible and that we can agree on when all of the others should be provided. I would, however, request that you produce" Jencks" statements of any and all witnesses you intend to call as witnesses within a reasonable time before any motion hearing or trial in order to avoid any possible recesses and delays in those proceedings, pursuant to Federal Rule of Criminal Procedure 26.2(d).

      Similarly, pursuant to Federal Rules of Criminal Procedure please provide the transcripts of any testimony, including grand jury testimony where your witnesses have previously testified, and we request the production of these transcripts upon completion of the witness' testimony in any matter mentioned in 26.2(g).

      I will be happy to meet with you at a mutually convenient time and location to facilitate your turning over the materials requested above to the extent not previously provided. In addition, I would appreciate a written reply and response to this request to the extent that the Government is unable or unwilling to comply with the above.

      Your prompt attention to the foregoing is appreciated, and if you have any questions, please contact me at your convenience.

Very truly yours,

Burton H. Shostak

BHS/ram