UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 4:07CR184-ERW (FRB) |
| ERIC EARNEST, et al. | ) ) ) |
| Defendant. | ) ) |

**MOTION TO SUPPRESS THE CONTENTS
OF ANY ELECTRONIC SURVEILLANCE**

COMES NOW Defendant, Eric Earnest, by and through counsel, Burton H. Shostak, by and pursuant to Title 18 U.S.C. Section 2518 (10), hereby moves for an Order suppressing and prohibiting the Government from introducing into evidence at trial any and all wire or oral communications in which Defendant and any other person or persons participated in or which Defendant was referred to directly or indirectly, and all evidence derived from the information obtained from said electronically intercepted communications which as been in any manner used in obtaining the Indictment against the Defendant, particularly from telephone number (314) 565-8266, (314) 920-2352, (310) 357-8222, (314) 398-7692 together with that pin registers/cell sites as set out in Government's Disclosure of Arguable Suppressible Evidence Pursuant to Federal Rule of Criminal Procedure 12(b)(4) (Document #148) which is attached hereto and made a part hereof.  This Motion is made for the following reasons:

    1.    That the Application for Interception of Wire Electronic Communications, submitted to the District Judge, failed to establish that non-intrusive investigatory procedures

has been unsuccessfully attempted or would be unreasonable or dangerous under the circumstances.

Title 18 U.S.C. Section 2518(1)(c) provides that each application submitted to the District Judge shall include:

> A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

In this case, the Affidavits to the said Applications established beyond any doubt that normal investigative procedures worked quite well to accomplish every purpose lawfully open to investigative agents of the Government, short general warrant to conduct an unlimited exploratory investigation which is prohibited by the Fourth Amendment to the United States Constitution.

Normal surveillance of the target defendant named in the Applications and of the premises was possible and practicable and could easily have been effected by normal means; and all of the statements in the Applications to the contrary are knowingly false, untrue and deceptive, thus constituting an illegal imposition upon the Court and a misuse of official authority so grave as to totally invalidate any interception Orders issued on the basis of such patently false averments.

Because no wiretap can lawfully be ordered, consistent with the Fourth Amendment's constitutional limitations, against any but particularly identified persons and places, under circumstances where normal investigative procedures have been tried and failed, the wiretap Orders issued in the within cause on the basis of Affidavits which describe under oath the success of normal investigative procedures, are void, as authorizing intrusions upon this

Defendant's right of privacy as assured to him by the mandates of the Fourth and Fifth Amendments to the United States Constitution.

2. That the said interceptions were not made in conformity with the Orders of authorization, which specified that they be conducted in such a manner as to minimize the interceptions of communications not otherwise subject to interception Order pursuant to 18 U.S.C. Section 2518.

Based on the pleadings filed by the Government, the interception of conversations pertaining to and/or referring directly and/or indirectly to the Defendant were virtually continuous and uninterrupted and, therefore, was violative of the Order purporting to authorize the said interceptions.

3. That the type of interception utilized by the Government in this case went beyond the scope of the application. Pursuant to 18 U.S.C. Section 2518(a)(b)(iii), no order for interception can be issued unless the application contains "a particular description of the type of communications sought to be intercepted." No mention is made in the Application of any desire to install a touch tone decoder or pen register device, yet apparently such component was installed and utilized without a proper order of this Court of a pen register or touch tone. The Order so providing is without jurisdiction and void, together with all evidence of call to other numbers and persons.

4. The issues contained in this motion have been discussed personally with United States Attorney Dean Hoag

**CONCLUSION**

Defendant submits that the above violations and irregularities are fundamental and constitute defects so basic as to undermine Congressional intent that interception of wire

3

communications be circumscribed and subject to exacting judicial supervision. *See*, *United States vs. Giordano*, 416 U.S. 505 (1974); *United States vs. Vest*, 813 F.2d 477 (1st Cir. 1987).

WHEREFORE, and for all of the foregoing reasons, Defendant prays that the fruits of any wiretap order and the fruits of any electronic surveillance be suppressed in accordance with the provisions of 18 U.S.C. Section 2518(10)(a), and that upon the suppression of such evidence, the case against the Defendant be dismissed.

        Respectfully submitted,

        /s/Burton H. Shostak_____
        Burton H. Shostak, MB#17443
        Shostak & Shostak, LLC
        8015 Forsyth Boulevard
        St. Louis, MO 63105
        Telephone: (314) 725-3200
        Facsimile: (314) 725-3275

        Attorneys for Defendant
        Eric Earnest

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of August, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's CM/ECF electronic filing system upon the following:

**Steven C. Edelman**
sedelman@edelmanlaw.com scelaw@aol.com

**St. Louis Fed Public Defender**
julie_mueller@fd.org

**J. Christian Goeke**
jcgoeke@gabrielmail.com

**Shawn A. Goulet**
goulets4@sbcglobal.net

**Dean R. Hoag**
dean.hoag@usdoj.gov nicole.kreke@usdoj.gov;usamoe.crimdock@usdoj.gov

**Eugene O. Howard**
ehowardlaw@earthlink.net

**Patrick S. Kilgore**
patrickkilgorelaw@sbcglobal.net

**Carter Collins Law**
ccledmo@SchrienerLaw.com

**Lucille G. Liggett**
lucy_liggett@fd.org moe_ecf@fd.org

**John D. Stobbs, II**
stobbsjohn@hotmail.com

                                            /s/Burton H. Shostak