UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:07CR184-ERW (FRB) |
| | ) | |
| ERIC EARNEST, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION WITH MEMORANDUM IN SUPPORT

Defendant Eric Earnest, through his attorney, moves the court pursuant to Fed. R. Crim. P. 16(a)(1) and the principles of *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States*, 450 U.S. 150 (1972) to order the government to inquire about and to disclose all of the following with the possession, custody or control of the Government, or that which may become known through its exercise of due diligence:

1.  Any and all records and information, for each prospective witness, that reveal prior felony convictions, guilty verdicts, or juvenile adjudications, such as FBI "rap sheets" or Naddis and NCIC records.

2.  Any and all records and information that reveal prior misconduct or bad acts attributable to any prospective witness.

3.  Any and all consideration or promises of consideration given to or on behalf of any prospective witness, as well as any and all consideration that any prospective witness expects or hopes for. By "consideration," defendant refers to absolutely anything, whether bargained for or not, that arguably could be of value or use to a witness or to persons of concern to the witness, including, but not limited to, formal and informal, direct or indirect: (1) leniency; (2) favorable treatment or recommendations or other assistance with respect to any pending or potential criminal,

parole, probation, pardon, clemency, civil, tax, tax court, of claims, administrative or other dispute with the government or any party; (3) criminal, civil, or tax immunity grants; (4) relief from forfeiture, payments of money, rewards or fees, witness fees, provision of food, clothing, shelter, transportation, legal services, or other benefits; (5) placement in a "witness protection program"; (6) informer status for the witness; and (7) anything else that arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defendant or induce the witness to testify or provide information for the government.

4. Information concerning any prospective witness's prior inconsistent statement, including any information any prospective witness offered that ultimately proved to be untrue or even arguably untrue.

5. The existence of any prospective witness's statements that were against that witness's penal or financial interest.

6. Any and all threats, expressed or implied, direct or indirect, or other coercion made or directed against any prospective witness or person of concern to any prospective witness; any and all criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any prospective witness; any and all civil, tax, court of claims, administrative, or other pending or potentiary legal disputes or transactions involving any prospective witness to which the government is a party or over which the government has real, apparent or perceived influence.

7. The existence and identification of each occasion on which any prospective witness has testified before any court, grand jury, or other tribunal or body, or has otherwise officially narrated, in relation to the defendant, the investigation or facts of this case.

8. The existence and identification of each occasion on which any prospective witness who was or is an informer, accomplice, co-conspirator, participant in a witness protection program, undercover agent, or expert has testified before any court, grand jury, or other tribunal or body.

9. Any and all personal files for any prospective witness; the existence and identity of all federal, state and local government files for these witnesses; and the existence and identity of all

2

official internal affairs, internal investigation or public integrity investigation files relating to or connected with any prospective witness who was or is a law enforcement officer or agent.

10. Any and all records and information revealing any defect or deficiency of capacity in any prospective witness to observe, remember or recount events, specifically including, but not limited to, all such records and information in any way related to or connected with the competency, mental capacity, disease, defect, disorder, symptoms, history, diagnosis, prescription, treatment, counseling or prognosis of any mentally impaired witness.

11. Any and all other records and information that arguably could be helpful or useful to the defendant in impeaching or otherwise detracting from the probative force of the government's evidence or that arguably could lead to such records or information, specifically including, but not limited to:

(a). anything that tends to show defect or deficiency of character for untruthfulness and to show partiality (prejudice, bias, motive, interest and corruption) on the part of any prospective witness;

(b). the various other related kind of impeaching matter identified in the memorandum of law filed in support of this motion;

(c). the same records and information requested in all paragraphs above with regard to each non-witness declarant whose prior statements will be offered in evidence.

## Memorandum in Support

Due process requires the government to produce evidence favorable to the accused or discrediting to its own case, and, upon defendant's request, to disclose all such information. *Brady v. Maryland,* 373 U.S. 83 (1973); *United States v. Agurs,* 427 U.S. 97 (1976). This requirement encompasses information that bears upon the credibility of its witnesses as well as matters more directly material to guilt or innocence. *Giglio v. United States,* 405 U.S. 150 (1972); *Napue v. Illinois,* 360 U.S. 264 (1959). *See generally Williams v. Dutton,* 400 F.2d 797 (5th Cir. 1968), *cert. denied,* 393 U.S. 1105 (1969). As the Supreme Court has stated:

3

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

*Napune,* 360 U.S. at 269. Moreover, in this federal prosecution the court's supervisory power to safeguard "the correct administration of justice in the federal courts" reinforces the due process requirement of disclosure. *See, e.g., United States v. Leja,* 568 F.2d 493, 499 (6th Cir. 1977); *United States v. Miller,* 411 F.2d 825, 832 (2d Cir. 1969); *United States v. Consolidated Laundries Corp.,* 291 F.2d 563, 571 (2d Cir. 1961).

Thus, the material requested is necessary for meaningful cross-examination of witnesses and for the jury to evaluate the testimony presented fully.

Respectfully submitted,

/s/Burton H. Shostak\
Burton H. Shostak, MB#17443\
Shostak & Shostak, LLC\
8015 Forsyth Boulevard\
St. Louis, MO 63105\
Telephone: (314) 725-3200\
Facsimile: (314) 725-3275

Attorneys for Defendant\
Eric Earnest

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's CM/ECF electronic filing system upon the following:

**Steven C. Edelman**\
sedelman@edelmanlaw.com scelaw@aol.com

**St. Louis Fed Public Defender**\
julie_mueller@fd.org

**J. Christian Goeke**\
jcgoeke@gabrielmail.com

4

**Shawn A. Goulet**
goulets4@sbcglobal.net

**Dean R. Hoag**
dean.hoag@usdoj.gov nicole.kreke@usdoj.gov;usamoe.crimdock@usdoj.gov

**Eugene O. Howard**
ehowardlaw@earthlink.net

**Patrick S. Kilgore**
patrickkilgorelaw@sbcglobal.net

**Carter Collins Law**
ccledmo@SchrienerLaw.com

**Lucille G. Liggett**
lucy_liggett@fd.org moe_ecf@fd.org

**John D. Stobbs, II**
stobbsjohn@hotmail.com

                                             /s/Burton H. Shostak_____