UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 4:07CR184-ERW (FRB) |
| | ) |
| ERIC EARNEST, et al. | ) |
| | ) |
| Defendant. | ) |

**MOTION TO SUPPRESS TAPE RECORDED
CONVERSATIONS AND VIDEO TRANSACTIONS**

COMES NOW Defendant, Eric Earnest, by and through his undersigned attorney and request the Court suppress as evidence the recorded telephone conversations and the recorded video transactions between this Defendant and others as identified herein.  In support of the motion Defendant states to the Court as follows:

According to the Government's Disclosure of Arguably Suppressible Evidence Pursuant to Fed4eral Rule of Criminal Procedure 12(b)(4) (Doc. 148), the Government acknowledges that it has the following recordings:

| **Date** | **Recordings** | **Individuals** |
|---|---|---|
| 7/31/06 | 1 video and 1 audio cassette recording of a $86,000 in a hotel room | Mario Salazar |
| 8/07/06 | 1 recorded telephone conversation | Mario Salazar |
| 8/9/06 | Currency delivery-seized (1) video and audio of money transaction | Mario Salazar |
| 8/29/06 | Photograph identifications by a confidential informant | Eric Earnest |

Defendant anticipates that the Government will seek to introduce the above-recorded conversations and actions against Defendant at trial.

Defendant Eric Earnest had an expectation of privacy when he used the telephone to communicate with those people identified and was video recorded. He did not consent to any of the recordings and there is no evidence that any party consented to the recordings. Introduction of such evidence would violate Defendant's Fifth Amendment Rights to be protected from self-incrimination and would force Defendant to testify against himself. Such an admission of evidence would violate his right to be free from self-incrimination and that evidence should be suppressed. The testimony or other evidence relating to or based upon said recorded statements and actions were obtained as a direct result of the violation of Defendant's rights under the Fifth Amendment and are therefore inadmissible.

It is not unlawful to intercept a wire, oral or electronic communication if one party to the conversation gives consent, 18 U.S.C. §2511(2)(c), the discovery does not contain anything indicating that any party gave consent to any of the recordings. As a result, admission of such evidence would violate Defendant's rights pursuant to 18 U.S.C. §2511(2)(c).

WHEREFORE, for the above and foregoing reasons, Defendant Eric Earnest requests this Court enter an Order suppressing any and all recorded telephone conversations and recorded video transactions between Defendant and others, and for such other and further Orders as this Court may deem just and proper.

        Respectfully submitted,

        /s/Burton H. Shostak_____
        Burton H. Shostak, MB#17443
        Shostak & Shostak, LLC
        8015 Forsyth Boulevard
        St. Louis, MO 63105
        Telephone: (314) 725-3200
        Facsimile: (314) 725-3275

        Attorneys for Defendant
        Eric Earnest

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's CM/ECF electronic filing system upon the following:

**Steven C. Edelman**
sedelman@edelmanlaw.com scelaw@aol.com

**St. Louis Fed Public Defender**
julie_mueller@fd.org

**J. Christian Goeke**
jcgoeke@gabrielmail.com

**Shawn A. Goulet**
goulets4@sbcglobal.net

**Dean R. Hoag**
dean.hoag@usdoj.gov nicole.kreke@usdoj.gov;usamoe.crimdock@usdoj.gov

**Eugene O. Howard**
ehowardlaw@earthlink.net

**Patrick S. Kilgore**
patrickkilgorelaw@sbcglobal.net

**Carter Collins Law**
ccledmo@SchrienerLaw.com

**Lucille G. Liggett**
lucy_liggett@fd.org  moe_ecf@fd.org

**John D. Stobbs, II**
stobbsjohn@hotmail.com

/s/Burton H. Shostak_____