```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. 4:07CR00184 ERW (AGF)
                             )
ANTHONY STILES, et. al.,     )
                             )
          Defendant.         )
```

**GOVERNMENT'S RESPONSE TO DEFENDANTS'**
**PRE-TRIAL MOTIONS TO SUPPRESS ELECTRONIC SURVEILLANCE**

Comes now the United States of America by and through its attorneys, Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, and Dean R. Hoag and James C. Delworth, Assistant United States Attorneys for said District, and responds to defendants' pre-trial motions to suppress electronic surveillance, as follows:

**I.     MOTIONS TO SUPPRESS ELECTRONIC SURVEILLANCE EVIDENCE**
       (Earnest, S. Mitchell, Clark, Griggs, Collins, Jefferson)

Defendants Earnest, Spencer Mitchell, Clark, Griggs, Collins and Jefferson have filed motions to suppress electronic surveillance evidence. This response addresses the challenges made with respect to Title III monitoring and pen register/trap-and-trace orders as well as 2703(c) and (d) orders.

**A.     TITLE III MONITORING**

Defendants object to the electronic surveillance employed in this case primarily contending that the government failed to

minimize the intercepted communications and did not exhaust other investigative techniques.  For the reasons set forth below, the Government submits that the applications in support of the wiretap request were submitted in accordance with applicable law, the order authorizing same was validly and legally issued and the monitoring was conducted in adherence to minimization requirements. Additionally accordingly, all electronic surveillance was properly conducted and defendants' motions to suppress should be denied.

1. **Background**

During the course of the investigation in the instant case, court authorized Title III wiretaps were utilized as follows:

i. On May 9, 2006, the Honorable E. Richard Webber, United States District Judge, Eastern District of Missouri, entered an order in Case No. 4:06MC00268 ERW, authorizing the interception of wire communications occurring over telephone bearing number (314) 565-8266 (target telephone #1) for a period of thirty days.  The application for this order was executed by AUSA James C. Delworth and was accompanied by an affidavit in support executed under oath by DEA Task Force Agent (TFA) John Wallace. Monitoring of these telephones began on May 10, 2006.  A minimization meeting was conducted and monitoring agents instructed on minimization prior to monitoring.

ii. On June 7, 2006, the Honorable Stephen N. Limbaugh, United States District Judge, Eastern District of

Missouri, entered an order in Case No. 4:06MC00268 ERW, authorizing the continued interception of wire communications to and from cellular telephone number (314) 565-8266 (target telephone #1), and the initial interception of wire communications to and from cellular telephone number (314) 920-2352 (target telephone #3) for a period of thirty days.  The application for this order was executed by AUSA Delworth and was accompanied by an affidavit in support executed under oath by DEA Special Agent (S/A) James Stroop.  Monitoring of target telephone #1, which had begun on May 10, 2006, continued and monitoring of target telephone #3 began on June 7, 2006.  On July 7, 2006, a sealing application was filed and a formal sealing order was issued by Judge Webber with respect to target telephones #1 and #3.

      iii. On July 10, 2006, Judge Webber entered an order in Case No. 4:06MC00268 ERW, authorizing the continued interception of wire communications to and from cellular telephone numbers (314) 565-8266 (target telephone #1) and (314) 920-2352 (target telephone #3) and for the initial interception of wire communications to and from cellular telephone number (310) 357-8222 (target telephone #4) for a period of thirty days.  The application for this order was executed by AUSA Delworth and was accompanied by an affidavit in support executed under oath by S/A Stroop. Monitoring began on July 10, 2006.  On August 9, 2006, a sealing

application was filed and a formal sealing order was issued by Judge Limbaugh with respect to target telephone #4.

      iv. On August 8, 2006, Judge Limbaugh entered an order in Case No. 4:06MC00268 ERW, authorizing the continued interception of wire communications occurring over cellular telephone (314) 565-8266 (target telephone #1) and cellular telephone (314) 920-2352 (target telephone #3) and the initial interception of wire communications occurring over cellular telephone (314) 398-7692 (target telephone #5) for a period of thirty days.  The application for this order was executed by AUSA Delworth and was accompanied by an affidavit in support executed under oath by S/A Stroop.  Monitoring continued on target telephones #1 and #3 and began on August 8, 2006, with respect to target telephone #5.  On September 5, 2006, a sealing application was filed and a formal sealing order was issued by Judge Webber with respect to target telephone #3.  On September 7, 2006, a sealing application was filed and a formal sealing order was issued by Judge Webber with respect to target telephones #1 and #5.

    **B.**   **PEN REGISTERS AND CELL SITE ORDERS**

The following pen registers and cell site orders were obtained with respect to the four target phones that were the subject of the court authorized wiretaps:

      1.   (314) 565-8266 (target telephone #1) -- Orders for a pen register/trap-and-trace and cell site information were

entered on December 30, 2005, by the Honorable David D. Noce, United States Magistrate Judge, Eastern District of Missouri. Extensions of these orders were entered on February 27, 2006, by the Honorable Thomas C. Mummert, United States Magistrate Judge, Eastern District of Missouri; on April 27, 2006, by Judge Noce; on June 23, 2006, by the Honorable Frederick R. Buckles, United States Magistrate Judge, Eastern District of Missouri; and on August 21, 2006, by the Honorable Audrey G. Fleissig, United States Magistrate Judge, Eastern District of Missouri.

    2.   (314) 920-2352 (target telephone #3) -- Orders for a pen register/trap-and-trace and cell site information were entered on May 15, 2006, by Judge Mummert. Extensions of both orders were entered on July 13, 2006, by Judge Fleissig.

    3.   (310) 357-8222 (target telephone #4) -- Orders for a pen register/trap-and-trace and cell site information were entered on June 26, 2006, by the Honorable Mary Ann L. Medler, United States Magistrate Judge, Eastern District of Missouri.

    3.   (314) 398-7692 (target telephone #5) -- Orders for a pen register/trap-and-trace and cell site information was entered on July 20, 2006, by the Honorable Terry I. Adelman, United States Magistrate Judge, Eastern District of Missouri.

    **C.**   **EVIDENCE OBTAINED THROUGH THE USE OF WIRETAPS IS ADMISSIBLE.**

The procedures for authorization of electronic surveillance are found in 18 U.S.C. §2518.

### 1. **Probable Cause**

Pursuant to 18 U.S.C. §2518(3), a court may issue an order to allow for interception of electronic communications if: (1) a person is committing one of the crimes enumerated in 18 U.S.C. §2516; (2) communications concerning such an offense will be obtained though interception; and (3) the place where the communications are to be intercepted is being used in connection with the commission of such an offense.

The probable cause required for a wiretap order "does not differ from that required by the fourth amendment for a search warrant."  United States v. Macklin, 902 F.2d 1320, 1324 (8th Cir. 1990), citing United States v. Leisure, 844 F.2d 1347, 1354 (8th Cir.), cert. denied, 488 U.S. 932 (1988).

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for conclud[ing] that probable cause existed."

Macklin, 902 F.2d at 1324, quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983).  This Court's review of all of the affidavits presented that support the applications for interception of electronic communications will reveal that there is more than ample support for the district court's finding of probable cause to issue

6

the wiretap orders. Information in the affidavits from police officers and agents, pen registers, reliable, confidential informants clearly demonstrate that violations of the controlled substances laws were occurring and that the specified telephones were being used to facilitate the commission of those crimes. Therefore, any motion to suppress based on lack of probable cause contained in these affidavits should be rejected.

### 2. **Necessity**

Just as there was ample probable cause to support the issuance of an order authorizing the interception of wire communications in this case, so was there the requisite necessity required under 18 U.S.C. §2518. "Section 2518(1)(c) provides that an application for an order authorizing a wiretap must include, among other things, 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" United States v. Thompson, 210 F.3d 855 (8th Cir. 2000). The purpose of the requirement is to insure that "wiretaps are not routinely employed as the initial step in an investigation." United States v. Maxwell, 25 F.3d 1389, 1394 (8th Cir. 1994), quoting United States v. Macklin, 902 F.2d 1320, 1326 (8th Cir. 1990). However, this prerequisite "does not require that law enforcement officers exhaust all possible techniques before applying for a wiretap." United States v. Shaw, 94 F.3d 438, 441

(8th Cir. 1996). "The government is simply not required to use a wiretap only as a last resort." Macklin, 902 F.2d at 1327.

In its affidavit supporting its application for electronic interception, the government set forth in detail alternative investigative techniques employed. Clearly the wire interceptions in this case were not the initial step in the investigation.

While some of the other techniques employed by the officers in this case may have been initially fruitful, the entire scope of the organization had certainly not been revealed and as the investigation progressed, the shortcomings of these techniques became apparent. See Maxwell, 25 F.3d at 1394 ("Officers had not been able to determine from other investigative methods the scope of the suspected conspiracy or to develop enough evidence to successfully prosecute the suspects whom they had identified.") Defendants allude to investigative techniques that produced fruitful evidence but these techniques alone were not sufficient. The goal of the investigation and resulting prosecution was the dismantlement of an entire drug trafficking organization which required the use of court authorized wiretaps utilized in conjunction with other investigative techniques. Furthermore, even where conventional investigative techniques had been somewhat successful, a wiretap may still be authorized. United States v. O'Connell, 841 F.2d 1408, 1415 (8th Cir.), cert. denied, 487 U.S. 1210 (1988) and 488 U.S. 1001 (1989).

"Drug crime is necessarily harder to detect than other crimes because it is difficult to witness and does not create victims who are compelled to come forward and report the crime." <u>United States v. Milton</u>, 153 F.3d 891, 895 (8th Cir. 1998).  Because the wire intercepts were necessary for the identification of the entire scope of the conspiracy and all of its members, the defendants' motion to suppress based on lack of necessity for wiretap interceptions should be denied.

### 3. **Minimization**

Finally, defendants attack the wiretap orders issued in this case based upon an alleged failure to properly minimize conversations.  The determination of whether officers conducted the surveillance in a reasonable manner is to be determined by an objective reasonableness standard.  <u>Scott v. United States</u>, 436 U.S. 128, 137, 98 S. Ct. 1717, 1723 (1978).

> In considering whether the government's conduct was reasonable, a reviewing court must consider a variety of factors, including the scope fo the enterprise, the agent's reasonable expectation of the content of a call, the extent of judicial supervision, length and origin of a call, and use of coded or ambiguous language.  More extensive wiretapping is reasonable when the investigation focuses on determining the scope of a widespread conspiracy.  The same is true when the conversations are in the jargon of the drug trade.  Thus, the government's conduct could be reasonable even if the total number of conversations intercepted contained a high percentage of nonpertinent calls.

9

<u>United States v. Macklin</u>, 902 F.2d at 1328 (internal citations omitted).

The evidence and testimony presented at the evidentiary hearing in this cause will demonstrate that all agents that were listening to intercepted communications were instructed by Assistant United States Attorney James C. Delworth regarding proper minimization techniques.  In fact, each agent signed a minimization letter which explicitly set forth the minimization duties.  The ten-day reports filed with respect to each intercepted telephone number contain a break down of those calls which were minimized.  Defendants fail to point to a single specific conversation that should have been minimized and was not.

Accordingly, any suppression motion on this basis is without merit and should be denied.

**D.    EVIDENCE OBTAINED THROUGH THE USE OF PEN REGISTERS AND CELL SITE ORDERS IS ADMISSIBLE.**

Defendant Earnest contends that the Title III orders do not authorize the installation of a pen register device.  Pen register/trap-and-trace and cell site information were obtained through separate orders filed with the Court.  Although none of defendants specifically attack the validity of the pen register orders and cell site orders issued in this case, in the event their motions could be construed to extend to suppression of information gained through pen registers and cell site orders, they are without merit.  All of the pen register and cell site applications in this

case fully comply with the requirements of Title 18, United States Code, Sections 2703(c) and (d) and 3122 and were issued properly.

**WHEREFORE**, the Government respectfully requests that this Court deny the defendants' pretrial motions to suppress electronic surveillance.

>
> Respectfully submitted,
>
> CATHERINE L. HANAWAY
> United States Attorney
>
>
>  s/ James C. Delworth
> JAMES C. DELWORTH, #2961
> DEAN R. HOAG, #6426
> Assistant United States Attorneys
> 111 South 10th Street, 20th Floor
> St. Louis, MO 63102
> (314) 539-2200

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 16, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

        All Attorneys of Record
        (Attorneys for Defendants)

                               s/ James C. Delworth
                              JAMES C. DELWORTH, #2961
                              DEAN R. HOAG, #6426
                              Assistant United States Attorneys