```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )   No. 4:07CR00184 ERW (AGF)
                             )
ANTHONY STILES, et al.,      )
                             )
          Defendants.        )
```

**GOVERNMENT'S RESPONSE TO**
**DEFENDANTS' NON-EVIDENTIARY PRE-TRIAL MOTIONS**

Comes now the United States of America by and through its attorneys, Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, and James C. Delworth and Dean R. Hoag, Assistant United States Attorneys for said District, and responds to defendants' non-evidentiary pre-trial motions. Under each motion is the name of the defendant or defendants who filed the motion.

**I.  MOTIONS FOR DISCLOSURE OF IMPEACHING INFORMATION**
    (Earnest, Collins, Jefferson)

The Government will turn over impeaching information that comes to its attention, including any prior record of the witnesses, any plea agreements with the Government and any inconsistent statements, no later than the Friday before trial. The Government objects to the overly broad recitation set forth in defendant's motion and will not turn over information that is not apparently impeaching including the personal files of any prospective witness. The Government is aware of its continuing

duty under Brady v. Maryland, 373 U.S. 83 (1969), and United States v. Agurs, 427 U.S. 97 (1976). The Government declines to provide any such material with respect to persons who will not be called as witnesses since such a request in beyond the scope of Brady.

With respect to witness statements, including grand jury testimony, these will be produced pursuant to the provisions of the Jencks Act, Title 18, United States Code, Section 3500.

**II.  MOTIONS FOR DISCLOSURE OF RULE 404(b) and 609 EVIDENCE**
     (Earnest, Clark, Griggs, Collins and Jefferson)

The Government is presently reviewing possible Rule 404(b) evidence in this case and will disclose such evidence no later than two weeks prior to trial.

With respect to Rule 609 evidence, defendants' prior records are set forth in their respective pre-trial services reports. The Government will use prior felony conviction for impeachment pursuant to Rule 609 if a defendant elects to testify. To the extent that the motion requests notice of whether any Rule 609 conviction will be introduced as Rule 404(b) evidence, as previously stated, if the Government elects to utilize that evidence, it will provide notice to the defense no later than two weeks prior to trial.

**III. MOTION TO SEVER DEFENDANTS**
     (Griggs)

Defendant Griggs moves to sever the case to afford him a trial separate from the co-defendants in this case. "There is a

2

preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 113 S.Ct. 933, 937 (1993); Richardson v. Marsh, 107 S.Ct. 1702, 1708 (1987). The Eighth Circuit "has consistently held that persons charged with conspiracy should generally be tried together." United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991). "Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 110 S.Ct. 1830 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 113 S.Ct. at 938. See also, Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir.), cert. denied, 111 S.Ct. 1429 (1990). Likewise, severance is not required:  if the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir.), cert. denied, 112 S.Ct. 1987 (1991).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States

3

v. Garret, 961 F.2d 743, 746 (8th Cir. 1992).  "Mutually antagonistic defenses are not prejudicial per se." Zafiro, 113 S.Ct. at 938.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400, (8th Cir.), cert. denied, 111 S.Ct. 2246 (1991). Something more than a bald assertion that one defendant will testify as to the innocence of another is required. Id. at 1400 n.3. A defendant must show the following: 1) that there is a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant will indeed testify at a separate trial. Foote, at 1400 n.4. Defendant Griggs has not made this threshold showing. Furthermore, in order to warrant severance, the proffered testimony must be "substantially exculpatory." United States v. Jagim, 978 F.2d 1032, 1040 (8th Cir. 1992). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the Government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984).

For all the foregoing reasons, defendant Griggs' motion to sever should be denied.

**IV.  MOTIONS TO DISCLOSE EXPERT TESTIMONY**
(Collins, Earnest)

Defendants Earnest and Collins move for the disclosure of expert testimony.  The Government will disclose this information pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The Government anticipates expert testimony at trial regarding all drug analyses, firearms' testing and identification and regarding the methods of operation of drug traffickers.

**V.  MOTION TO DISCLOSE GOVERNMENT'S WITNESS AND EXHIBIT LISTS**
(Earnest)

Defendant Earnest moves for the disclosure of the Government's witness and exhibit lists.  The Government opposes this request. The criminal rules of discovery do not mandate disclosure of this information.  United States v. White, 750 F.2d 726, 728 (8th Cir. 1984).

**VI.  MOTION TO DISCLOSE GOVERNMENT'S INTENTION TO USE RESIDUAL HEARSAY EXCEPTION UNDER RULE 807**
(Earnest)

Defendant Earnest moves for notice of the Government's intention to use residual hearsay statements under Rule 807 of the Federal Rules of Evidence.  The Government opposes this request. Rule 807 is a rule of evidence pertaining to admissibility and not disclosure.  The criminal rules of discovery do not mandate disclosure of this information.

**VII. MOTIONS TO DISCLOSE FAVORABLE EVIDENCE**
(Clark, Griggs, Collins, Jefferson, Earnest)

Defendants move for the disclosure of favorable evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Miller v. Pate, 386 U.S. 1 (1967); Giles v. Maryland, 386 U.S. 66 (1967); and Moore v. Illinois, 408 U.S. 786 (1972). The Government is presently not aware of any favorable evidence but recognizes its continuing duty to disclose any favorable evidence.

**VIII.  MOTIONS TO RETAIN AGENT'S ROUGH NOTES**
(Collins, Jefferson)

Defendants move for the agents to retain their rough notes. Under present law, the Government is not required even to preserve such notes. United States v. Leisure, 844 F.2d 1347, 1360 (8th Cir.), cert. denied, 109 S. Ct. 324 (1988); United States v. Kuykendall, 633 F.2d 118, 119-20 (8th Cir. 1980). However, the Eighth Circuit has indicated that the better practice is to preserve rough notes in case a future need for them arises. Leisure, 844 F.2d at 1360-61 n. 10. Because the defendants have formally requested that these notes be preserved, the Government has informed the case agents assigned to this matter to preserve any existing notes. Notwithstanding the government's agreement to preserve any existing notes, it opposes any motion to produce those notes. The government is aware of its duty to produce material subject to the rule in Brady v. Maryland 373 U.S. 83 (1969), as well as any material under the Jencks Act. However, the government

is under no duty to produce agents' rough notes that fall outside these two areas.  <u>United States v. Williams</u>, 962 F.2d 1218, 1224-25 (6th Cir.), <u>cert. denied</u>, 113 S.Ct. 264 (1992); <u>United States v. Pisello</u>, 877 F.2d 762, 767-68 (9th Cir. 1989).

**WHEREFORE**, the Government respectfully requests that this Court deny the defendants' non-evidentiary pretrial motions, to the extent with which the government has not herein agreed to comply.

        Respectfully submitted,

        CATHERINE L. HANAWAY
        United States Attorney


        <u>s/ James C. Delworth</u>
        JAMES C. DELWORTH, #2961
        DEAN R. HOAG, #6426
        Assistant United States Attorneys
        111 South 10th Street, 20th Floor
        St. Louis, MO 63102
        (314) 539-6242

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 21, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

        All the Attorneys of Record
        (Attorneys for the Defendants)

                                     s/ James C. Delworth
                                     JAMES C. DELWORTH, #2961
                                     Assistant United States Attorney